## ANNETTE M. McLAUGHLIN *vs.* ALTON JOY.

### Kennebec.    Opinion November 29, 1905.

*Bastardy.    Evidence.*

1.  While perhaps not necessary, the original complaint and magistrate's record in a bastardy process may be put in evidence before the jury, upon the trial of the issue whether the defendant begat the child, for the purpose of showing compliance with the preliminary statutory requirements.

2.  If a party in a jury trial is apprehensive that evidence admitted upon one proposition only may be applied by the jury to other propositions, he should request instructions to the jury to disregard that evidence in considering such other propositions. Without such request he has no cause for complaint as to the effect of the evidence upon these propositions.

On exceptions by defendant.    Overruled.

Bastardy complaint, under the provisions of chapter 99 of the Revised Statutes.    Tried to a jury in the Superior Court, Kennebec County.    Plea, not guilty.    Verdict, guilty.    During the trial, the plaintiff offered in evidence her original accusation and examination before the magistrate, and also the magistrate's record in the matter, which were admitted against the objection of the defendant, and thereupon the defendant excepted.

The case sufficiently appears in the opinion.

*Williamson & Burleigh,* for plaintiff.

*Sheldon & Sawtelle and A. M. Goddard,* for defendant.

SITTING:  EMERY, WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

EMERY, J.    This was a case of bastardy tried in the Superior Court for Kennebec County before a jury, in which the defendant pleaded not guilty and made no other defense than a denial of the paternity of the child.    At the trial the plaintiff offered in evidence her original accusation and examination before the magistrate, and also the magistrate's record in the matter.    Upon the defendant objecting to the papers, the plaintiff's counsel stated that they were

not offered as evidence of anything stated in them, but to show that the plaintiff had complied with the statute requiring such proceedings. They were by the court "admitted to show that the preliminary statutory requirements are complied with." These statements of counsel and court were made in the presence and hearing of the jury, but the court did not give any further instructions to the jury as to the use to be made of the papers, and no further instructions regarding them were requested.

While perhaps the question of compliance with the statute so far as preliminary papers were concerned was for the court rather than for the jury, it has been the practice to permit them to go to the jury. *Sidelinger* v. *Bucklin*, 64 Maine, 371.

The defendant urges, nevertheless, that he was in fact prejudiced by these papers going to the jury. He argues that inasmuch as self-serving oral statements made by the plaintiff out of court would not be admissible in support of her testimony in court, her written statement on oath made out of court should not be allowed to go to the jury; that the latter is even more prejudicial than the former.

We do not see, in this case at least, that the admission of the papers named was prejudicial to the defendant. It must be assumed that the jury knew the law, knew that such papers must have been made before the case could have been lawfully opened for trial before them, and also that the accusation and examination must have been in substantial harmony with the declaration already read to them. The actual production of the papers added nothing to the knowledge they must be assumed to have had.

Again in this case it was stated before the jury by counsel and court that the papers were offered and admitted, not as evidence of anything stated in them, but to show that the preliminary statutory proceedings were complied with. It must be assumed, upon exceptions, that the jury heeded the statement and the ruling and gave the papers no other effect. If the defendant feared that the matter had not been made sufficiently plain to the jury, he should have requested the court to make it more plain. Not having done so, he has no legal ground for complaint on that score.

*Exceptions overruled.*